**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|                                    |   |                                |
|------------------------------------|---|--------------------------------|
|                                    | : |                                |
| RAFIQ WASIQ,                       | : |                                |
|                                    | : |                                |
|                    Petitioner,     | : | Civil Action No.: 13-6420 (SDW) |
|                                    | : |                                |
|                    v.              | : | OPINION                        |
|                                    | : |                                |
| ROY L. HENDRICKS, et al.,          | : |                                |
|                                    | : |                                |
|                    Respondents.    | : |                                |
|                                    | : |                                |

---

**APPEARANCES:**

       RAFIQ WASIQ, Petitioner *Pro Se*
       A 088-426-628
       Essex County Correctional Facility
       354 Doremus Avenue
       Newark, New Jersey 07105

       SUSAN HANDLER-MENAHEM, AUSA
       OFFICE OF THE U.S. ATTORNEY
       970 Broad Street, Suite 700
       Newark, New Jersey 07102

**WIGENTON**, District Judge

       Petitioner Rafiq Wasiq is an immigration detainee confined at the Essex County

Correctional Facility in Newark, New Jersey.  He brings this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241,[1] against various named Respondents,[2] challenging his post-removal order detention as unconstitutionally indefinite.  For the reasons stated below, this Court grants Petitioner's request for habeas relief and will direct the Government to release Petitioner under supervision pending his removal from the United States.

## I.  BACKGROUND

Petitioner is a native and citizen of Bangladesh.  (ECF No. 4, Answer at 4.)  On May, 5, 2009, Petitioner was arrested by Immigration and Customs Enforcement ("ICE"), and was served with a notice to appear for removal proceedings pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  Several days later, on May 7, 2009, Petitioner was released on his own recognizance.  (*Id*.; ECF No. 1, Petition at ¶¶ 12, 13.)  On December 2, 2009, Petitioner failed to appear for his immigration proceeding and was ordered removed in absentia.  However, the next day, on December 3, 2009, the Immigration Judge re-opened the case *sua sponte*.  (ECF No. 4, Answer at 4.)

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless...
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

[2] The only proper Respondent to this § 2241 habeas petition is the person having custody over petitioner, namely, Warden/Administrator Roy L. Hendricks.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (finding that "in habeas challenges to present physical confinement - 'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").  Therefore, the other named Respondents, Eric Holder, Jr., U.S. Attorney General; Janet Napolitano, Secretary of the Department of Homeland Security; and John Tsoukaris, Field Office Director, are dismissed from this action.

Petitioner failed to appear for his next immigration hearing on May 23, 2012, and again was ordered removed in absentia.  The Immigration Judge vacated the removal order on June 27, 2012, citing an address change.  Immigration proceedings were thereafter transferred to Buffalo, New York at Petitioner's request.  Petitioner again failed to appear for his November 21, 2012 removal proceedings and was ordered removed in absentia.  On November 23, 2012, Petitioner was classified as a fugitive from an immigration removal order.  On April 16, 2013, ICE arrested Petitioner upon his release from the Otis Bantam Correctional Institute, pursuant to the outstanding removal order.  Petitioner was detained at the Essex County Correctional Facility in Newark, New Jersey, where he has remained during the pendency of this litigation.  (*Id.*; ECF No. 1, Pet. at ¶¶ 15-17.)

Petitioner alleges that he has cooperated fully with ICE officials in their efforts to remove Petitioner from the United States.  Specifically, Petitioner alleges that he has provided identity documents and biographical information, and has applied for travel documents with his embassy or consulate.  (*Id.* at ¶ 18.)  Petitioner further states that a custody review was conducted by the Department of Homeland Security ("DHS") Headquarters Post-Order Detention Unit ("HQPDU") on October 16, 2013, but release from custody was denied because a request for a travel document had been submitted to the Bangladesh Embassy making his removal reasonably foreseeable in the near future.  (*Id.* at ¶ 20, attachment.)  Petitioner also contends that ICE has been unable to remove him and has not reached out to other countries for removal of Petitioner. (*Id.* at ¶ 19.)

The Government counters that Petitioner has not been entirely cooperative in the removal effort.  On May 21,2013, ICE in Newark submitted a travel document request to the Government

of Bangladesh at the New York Bangladesh Consular Office.   (ECF No. 4, Answer at 5; Declaration of Melissa A. Schubert ("Schubert Del.") at ¶6.)   On October 15, 2013, the Newark ICE office forwarded a custody checklist to the ICE Headquarters Post Order Custody Review Unit (POCRU) for adjudication of custody.   On October 15, 2013, POCRU inquired as to the status of Petitioner's travel document.   On October 16, 2013, the Travel Document Unit ("TDU") advised POCRU that there was a significant likelihood of Petitioner's removal in the foreseeable future.  (*Id*., Schubert Dec. at ¶7.)

Thereafter, on October 29, 2013, Petitioner allegedly refused to complete an updated identity application.  Despite Petitioner's non-cooperation however, on November 7, 2013, the Newark field office submitted the requisite travel document fee and passport photos directly to the Bangladesh Embassy.  (*Id*.)   The Bangladesh consulate confirmed receipt of the travel document fee and passport photographs and advised that a travel document was issued for Petitioner on November 15, 2013 and mailed to ICE.  (*Id*., Schubert Dec. at ¶8.)

As of the date of this Opinion, Petitioner remains in detention and has not yet been removed from the United States.

## II. ANALYSIS

The Attorney General has the authority to detain aliens in removal proceedings both before and after the issuance of a final order of removal.  Post-removal order immigration detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as

4

the "removal period")." *Id.* § 1231(a)(1)(A).  The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).  Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:

> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;

> (b) Upon waiver of appeal by the respondent;

> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;

> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or

> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a).  Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period.  *See* 8 U.S.C. § 1231(a)(2).  However, if the alien is not removed during the ninety-day period, then § 1231(a)(6) authorizes that the alien be released on bond or that the alien be continued to be detained.  Indeed, § 1231(a)(6) provides that:

5

An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention." 533 U.S. at 689.  To state a claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future.  *See id*. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief."  *Alexander v. Attorney Gen. of United States*, 495 F. App'x 274, 276–77 (3d Cir. 2012) (per curiam) (citing *Zadvydas*, 533 U.S. at 701).  As a rule of thumb, the Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6).  *See Zadvydas*, 533 U.S. at 701.

In this case, Petitioner had been in post-order immigration detention for almost seven months at the time he filed his habeas petition.  That period of time has grown to more than fourteen months while this action has been pending.  That period of time in and of itself, however, generally does not compel federal habeas relief if ICE can show that it has been in contact with the Consulate of Bangladesh and expects a travel document to be issued in the reasonably foreseeable future for the Petitioner.

6

In this case, the Government states that contact was made with the Bangladesh consulate and that the consulate confirmed that travel documents were forthcoming.  This declaration by the Government occurred in November 2013.  It is now almost eight months later, and Petitioner still has not been removed.  No further explanation has been provided by the Government to this Court regarding Petitioner's continued detention.

Consequently, this Court finds that Petitioner has met his burden of showing that his removal to Bangladesh is not likely in the reasonably foreseeable future, and that the Government has not provided evidence sufficient to rebut Petitioner's showing.  Petitioner has shown that, since November 2013, the Government has not been able to obtain a travel document for Petitioner through no fault of Petitioner.  Petitioner also states that he has cooperated with the Government in its effort to remove him.

In rebuttal, the Government generally alleges that Petitioner has been uncooperative because Petitioner "refused to complete the updated travel document issuance."  (ECF No. 4-1, Schubert Decl. at ¶ 7.)  However, despite this alleged incident, the Bangladesh Embassy accepted the travel document fee and passport photos and informed the Newark ICE field office that travel documents were mailed.  Consequently, this single incident of non-cooperation does not show that Petitioner was uncooperative and acted to impede the efforts of his removal.  *See Anthony v. Muller*, Civil No. 11-3325 (JLL), 2011 WL 6399465 at *5 (D.N.J. Dec. 19, 2011) (finding that petitioner's failure to provide the date and manner of his entry to the United States did not show that he had been uncooperative in effecting his removal from the United States).

Accordingly, this Court finds that the Government has not established a sufficient basis on which to detain Petitioner indefinitely.  It has been more than fourteen months since Petitioner

was taken into custody after his order of removal became final.  The Government has offered no evidence to rebut Petitioner's showing that his removal is not reasonably foreseeable in the near future.  Further, there is no explanation for the seven month delay in removing Petitioner given the Government's statement that travel documents were forthcoming in November 2013. Finally, the Court notes that Petitioner's release pending removal was denied in his custody review solely on the ground that travel documents were imminent.  Therefore, based on *Zadvydas*, Petitioner's continued detention is no longer presumptively reasonable.  Petitioner has shown, and the Government has failed to rebut, substantial evidence that his removal appears unlikely in the reasonably foreseeable future.

This Court finds that Petitioner is entitled to immediate supervised release pending his removal.  Inadmissible or criminal aliens, such as Petitioner here, must be subject to terms of supervision if released pending removal.  *See* 8 U.S.C. § 1231(a)(6).   General terms of supervision are prescribed under 8 U.S.C. § 1231(a)(3), and require the alien: (A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien."  8 U.S.C. § 1231(a)(3) (governing supervision after removal period). Therefore, the Government is directed to release Petitioner from custodial detention under such terms and conditions deemed necessary pursuant to 8 U.S.C. §§ 1231(a)(3), (6).

III.  CONCLUSION

For the reasons set forth above, the Court grants the petition for a writ of habeas corpus under 28 U.S.C. § 2241, and will issue an Order directing the Government to immediately release Petitioner subject to terms and conditions of supervision deemed appropriate pursuant to 8 U.S.C. §§ 1231(a)(3), (6).  An appropriate order follows.


_s/Susan D. Wigenton_
SUSAN D. WIGENTON
United States District Judge

Dated: July 9, 2014